[No. B160578. Second Dist., Div. Eight. Jan. 12, 2004.]

NORALEE GOLD, Plaintiff and Appellant, v.
I. DONALD WEISSMAN et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Allan F. Grossman, Allan F. Grossman; Law Offices of Richard N. Bashara and Richard N. Bashara for Plaintiff and Appellant.

Hollins & Fields, Byron S. Hollins and Howard M. Fields for Defendants and Respondents.

**OPINION**

**RUBIN, J.**—Noralee Gold appeals from the summary judgment dismissing her malpractice complaint against her former lawyer, I. Donald Weissman and his firm, Weissman & Associates, Inc. We reverse and remand.

### FACTS AND PROCEDURAL BACKGROUND

Appellant Noralee Gold hired attorney I. Donald Weissman and his firm, Weissman & Associates, Inc., to sue her doctor for medical malpractice. Weissman concedes he did not file appellant's complaint against the doctor on time, thus blowing the statute of limitations. On October 23, 1998, Weissman told appellant about the missed deadline. Blaming his attorney service for not having timely filed the complaint, he asked appellant not to sue him and offered her $10,000 in compensation. He also said he would seek compensation for her from the attorney service. Appellant rejected Weissman's offer and demanded $25,000 instead.

In January 1999, appellant's daughter, who was an Illinois attorney but not licensed to practice in California, contacted Weissman to try to resolve her mother's dispute with him. Weissman asked for more time to pursue the attorney service and in the meantime suggested that appellant file a complaint against her doctor with the Division of Medical Quality of the Medical Board

of California (the Board).[1] On January 25, 1999, he wrote a letter to appellant's daughter enclosing a mostly completed Board complaint and ended the letter by asking, "Anything else? I look forward to hearing from you." The next day, he emailed appellant's daughter, confirming he had prepared the draft complaint and reiterating his willingness to file it for her. For reasons we cannot discern from the record, appellant apparently chose not to file the complaint.

One year minus one day later, appellant filed on January 25, 2000, a complaint against Weissman for legal malpractice. Weissman moved for summary judgment, arguing the complaint was untimely. Appellant opposed the motion, claiming the one-year statute of limitations for legal malpractice had been tolled while Weissman had continued representing her up to, and including, his drafting the unfiled Board complaint. The court rejected appellant's argument and entered summary judgment for Weissman, finding: "No facts have been put forth by plaintiff that attorney Weissman continued to represent plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred; consequently, the period within which plaintiff was obliged to commence action against defendant was one year from the undisputed date of discovery, to wit, October 23, 1998." This appeal followed.

## STANDARD OF REVIEW

"Summary judgment is granted when a moving party establishes the right to the entry of judgment as a matter of law. [Citation.] In reviewing an order granting summary judgment, we must assume the role of the trial court and redetermine the merits of the motion. In doing so, we must strictly scrutinize the moving party's papers. The declarations of the party opposing summary judgment, however, are liberally construed to determine the existence of triable issues of fact.[2] All doubts as to whether any material, triable, issues of

---

[1] The parties' briefs refer to filing a complaint with the California Board of Medical Quality Assurance, but in 1990 the agency's name changed to the Medical Board of California. (See Bus. & Prof. Code, §§ 2002 & 2003.)

[2] In opposition to the motion for summary judgment, appellant filed a separate statement of facts, which the court struck because its format did not comply with California Rule of Court, rule 342(f). Appellant claims the court erred. Weissman contends, however, that the court did not reject appellant's evidence contained in the declarations, documents, and deposition testimony that she filed in support of her opposition. Such evidence was thus properly before the court regardless of the separate statement's status. (See *Kulesa v. Castleberry* (1996) 47 Cal.App.4th 103, 112–113 [54 Cal.Rptr.2d 669] [even if separate statement is inadequate, court must examine entire record for a triable fact before it may grant summary judgment]; *but see United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337 [282 Cal.Rptr. 368] ["if [a fact] is not set forth in the separate statement, it does not exist"].) Be that as it may, because we are reversing the court's order granting summary judgment, the court's error, if any, in striking appellant's separate statement is moot.

fact exist are to be resolved in favor of the party opposing summary judgment. While the appellate court must review a summary judgment motion by the same standards as the trial court, it must independently determine as a matter of law the construction and effect of the facts presented. [Citation.] [¶] A defendant moving for summary judgment meets his burden of proof showing that there is no merit to a cause of action if that party has shown that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. [Citation.]" (*Cochran v. Cochran* (2001) 89 Cal.App.4th 283, 287 [106 Cal.Rptr.2d 899].)

"[H]ow the parties moving for, and opposing, summary judgment may each carry their burden of persuasion and/or production depends on which would bear what burden of proof at trial. . . . [I]f a plaintiff who would bear the burden of proof by a preponderance of evidence at trial moves for summary judgment, he must present evidence that would require a reasonable trier of fact to find any underlying material fact more likely than not—otherwise, he would not be entitled to judgment as a matter of law, but would have to present his evidence to a trier of fact. By contrast, if a defendant moves for summary judgment against such a plaintiff, he must present evidence that would require a reasonable trier of fact not to find any underlying material fact more likely than not—otherwise, he would not be entitled to judgment as a matter of law, but would have to present his evidence to a trier of fact. . . ." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851 [107 Cal.Rptr.2d 841, 24 P.3d 493], italics and fns. omitted.)

## DISCUSSION

Ordinarily, a client must sue her attorney for malpractice within one year of when she discovered, or should have discovered, the malpractice. (Code of Civ. Proc., § 340.6, subd. (a).) Appellant learned on October 28, 1998, that Weissman had not filed a lawsuit against her doctor, but she did not sue Weissman for legal malpractice until 15 months later in January 2000. At first blush, her complaint against Weissman thus seems to be time-barred.

Code of Civil Procedure section 340.6 tolls the one-year statute, however, if the attorney continues to represent the client in the same "specific subject matter" in which the negligence occurred. (*Id.*, § 340.6, subd. (a)(2); *Leasequip, Inc. v. Dapeer* (2002) 103 Cal.App.4th 394, 406 [126 Cal.Rptr.2d 782]; see also *Gurkewitz v. Haberman* (1982) 137 Cal.App.3d 328, 333 [187 Cal.Rptr. 14] (*Gurkewitz*) ["so long as there are unsettled matters tangential to a case, and the attorney assists the client with these matters, he is acting as his representative"].) The purpose of tolling during continued representation is twofold:

First, it is to " 'avoid the disruption of an attorney-client relationship by a lawsuit while enabling the attorney to correct or minimize an apparent error, and [second] to prevent an attorney from defeating a malpractice cause of action by continuing to represent the client until the statutory period has expired.' " (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 887 [110 Cal.Rptr.2d 877]; *Kulesa v. Castleberry, supra,* 47 Cal.App.4th at pp. 108–109.)

Appellant contends the court erred in not applying the continuous representation exception to toll the one-year statute of limitation while Weissman represented her in preparing the Board complaint. Weissman counters that the Board complaint involved a subject matter different from appellant's unfiled lawsuit against her doctor, and thus the exception did not apply. According to Weissman, the malpractice complaint and Board complaint were unrelated because they involved different forums, and Board proceedings, unlike a civil lawsuit, offered appellant no hope of financial recovery.

■ The few decisions analyzing the requirement that the subject matter be the same support appellant. An attorney continues to represent a client "on the same specific subject matter until the agreed tasks have been completed or events inherent in the representation have occurred." (*Crouse v. Brobeck, Phleger & Harrison* (1998) 67 Cal.App.4th 1509, 1528 [80 Cal.Rptr.2d 94].) For example, in *Crouse,* an attorney represented his client in the sale of her interest in a limited partnership. (*Id.* at pp. 1520–1521.) After completing the sale, the attorney lost the promissory note that the client received from the transaction. The client and the obligor on the note later wanted to renegotiate their deal, but their negotiations collapsed when the attorney could not find the note. (*Id.* at pp. 1521–1522.) Eventually, the parties worked around the missing note by agreeing to a novation, which extinguished the old debt and note and replaced it with a new note and debt. (*Id.* at p. 1522.) Despite knowing her attorney had committed malpractice in losing her note, the client continued to use him for almost three more years to collect the obligor's payments under the new note. When the client belatedly decided to sue for malpractice over the lost note, her attorney argued she had waited too long and continuous representation tolling did not apply because the new note was a different subject matter from the old note. The court disagreed, finding that the attorney's representation of the client involved selling the client's partnership interest and collecting the sale proceeds. As both notes arose from that work, the attorney's representation of the client had been continuous, thus tolling the statute of limitation. (*Id.* at p. 1528; see also *Gurkewitz, supra,* 137 Cal.App.3d at p. 333 [finding that costs on appeal were same subject matter as underlying case]; *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort, supra,* 91 Cal.App.4th at p. 887 [follow-up lawsuit to enforce settlement was same subject matter as the underlying settled matter].)

We conclude appellant has the better argument. Here, Weissman continued to explore possible compensation from the attorney service in the year before appellant filed her lawsuit. He also agreed to prepare a Board complaint in response to the question by appellant's daughter of what recourse remained against appellant's doctor other than the time-barred malpractice lawsuit. Both appellant's unfiled lawsuit and Board complaint thus arose from the same event: her doctor's malpractice. Moreover, the lawsuit and Board complaint shared a common purpose: to permit appellant some measure of redress for her injuries and thus some relief—psychic from the Board complaint, financial from the lawsuit—and possible closure. The distinctions Weissman tries to draw between the lawsuit and the Board complaint—different forums and types of relief—do not change the fact that the same medical malpractice gave birth to both proceedings, each designed, in its own way, to salve appellant's one set of injuries. Thus, Weissman's work for appellant after she discovered his malpractice arose out of, and related to, the same general set of facts as the matter he negligently handled. The *Gurkewitz* court's language is on point: "We hold that, so long as there are unsettled matters tangential to a case, and the attorney assists the client with these matters, he is acting as [her] representative." (*Gurkewitz, supra,* 137 Cal.App.3d at p. 333.) Accordingly, the court erred in finding Weissman's representation of appellant was not continuous and did not toll the statute of limitations.

*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 229 [31 Cal.Rptr.2d 525], relied upon by Weissman, does not change our analysis. There, the Court of Appeal held that when the attorney's role changed from acting as legal counsel to a retained consultant and expert witness hired by the client's new law firm, he no longer represented the client in the same specific subject matter in which the malpractice occurred. Here, in contrast, Weissman's status did not morph: he was acting as appellant's lawyer for both the civil suit and potential Board proceedings.[3]

---

[3] In light of our holding, we need not address appellant's separate argument that Weissman's conduct equitably estops him from asserting the statute of limitations. We note that Weissman's apparent candor in dealing forthrightly with appellant when he missed the statute of limitations on appellant's medical malpractice claim militates against estoppel.

We also decline to address appellant's argument that the trial court erred in denying her a new trial. (See *Fogo v. Cutter Laboratories, Inc.* (1977) 68 Cal.App.3d 744, 748–749 [137 Cal.Rptr. 417] [denial of motion for new trial not appealable]; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 123, pp. 188–189.)

## DISPOSITION

The judgment is reversed and the court is directed to enter a new order denying summary judgment of appellant's complaint as time-barred. Appellant to recover her costs on appeal.

Cooper, P. J., and Boland, J., concurred.

A petition for a rehearing was denied February 10, 2004 and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied March 30, 2004.