60 Cal.Rptr.3d 154 (2007)
151 Cal.App.4th 749
MANCO CONTRACTING CO. (W.L.L.), Plaintiff and Appellant,
v.
Kirkor BEZDIKIAN, Defendant and Respondent.
No. B182885.
Court of Appeal of California, Second District, Division Eight.
May 30, 2007.
*155 Benedon & Serlin, Gerald M. Serlin and Douglas G. Benedon for Plaintiff and Appellant.
Roxborough, Pomerance & Nye, Woodland Hills, Gary A. Nye and Michael G. Kline for Defendant and Respondent.
COOPER, P.J.
Appellant Manco Contracting Co. (W.L.L.) ("Manco") sued respondent Kirkor Bezdikian ("Bezdikian") in Los Angeles Superior Court to domesticate a multimillion dollar judgment Manco had obtained against Bezdikian in Qatar, a Persian Gulf emirate. The trial court granted summary judgment for defendant Kirkor Bezdikian based on a four-year statute of limitations. Manco contends that no statute of limitations applies to the judgment of a foreign county; if a statute of limitations applies, it would be 10 years, the same applicable to a sister state judgment; and even assuming the four-year statute of limitations applied, this lawsuit had been timely filed because the Qatar judgment became final after appeal on May 23, 2000, less than four years before the filing of this lawsuit on May 20, 2004.
Manco had obtained a multi-million dollar judgment against Bezdikian in Qatar in November 1997. Bezdikian appealed and then left the country, eventually residing in California. His civil appeal was stayed while he was criminally prosecuted in Qatar; the stay was lifted when his conviction was affirmed. On May 23, 2000, the Qatari appellate court amended the appealed civil judgment by reducing the money judgment from more than $4.2 million to approximately $3.76 million and issued a new judgment with an award of costs to Manco. The instant lawsuit for domestication of the foreign money judgment was filed on May 20, 2004, pursuant to California's Uniform Foreign Money Judgments Recognition Act ("UFMJRA" or "the Act") over four years from the initial judgment in Qatar but within four years from the Qatari appellate court's new judgment.
The gravamen of Bezdikian's motion for summary judgment was that the instant lawsuit was time-barred by a four year statute of limitations.[1] Manco argued primarily that the action was not barred because the judgment was not final in Qatar until the appeal in Qatar was decided. The trial court agreed with Bezdikian, relying on Code of Civil Procedure section 1713.2 in deciding the Qatari trial court judgment was final, conclusive and enforceable where rendered "`even though *156 an appeal therefrom is pending or ... subject to appeal.'" This appeal follows.
We read the Act to preclude finality and/or conclusiveness until the Qatari appeal was decided. According to Manco's expert, the Qatari judgment was not final until the appeal was adjudicated. The instant lawsuit was filed within four years of the appellate decision in Qatar and thus was timely filed under that expert's opinion. The MSJ should have been denied, and we therefore reverse the judgment and remand for further proceedings.

CONTENTIONS ON APPEAL
Manco contends: 1. Manco's action was not barred by a 4-year statute of limitations. If any statute of limitations were applicable, it would be the 10-year limitation period applicable to sister state judgments 2. Even if this action were subject to a 4-year statute of limitations, it was brought timely, within 4 years of the Qatari appellate court's final judgment.
Respondent contends that appellant conceded the applicability of a 4-year statute of limitation in the trial court and' cannot now raise issues dependent on the inapplicability of the 4-year statute of limitations. Even without the concession, the 4-year statute applies (Code of Civ. Proc. § 343) and bars the action, which was filed more than four years after the trial court judgment in Qatar.

DISCUSSION

1. Standard of review
"`Summary judgment is granted when a moving party establishes the right to the entry of judgment as a matter of law. [Citation.] In reviewing an order granting summary judgment, we must assume the role of the trial court and redetermine the merits of the motion. In doing so, we must strictly scrutinize the moving party's papers. The declarations of the party opposing summary judgment, however, are liberally construed to determine the existence of triable issues of fact. All doubts as to whether any material, triable, issues of fact exist are to be resolved in favor of the party opposing summary judgment. While the appellate court must review a summary judgment motion by the same standards as the trial court, it must independently determine as a matter of law the construction and effect of the facts presented. [Citation.] [¶] A defendant moving for summary judgment meets his burden of proof showing that there is no merit to a cause of action if that party has shown that one or more elements of the cause of action cannot be established or that there is a complete defense to that cause of action. [Citation.]' (Cochran v. Cochran (2001) 89 Cal.App.4th 283, 287 [106 Cal. Rptr.2d 899].)" (Gold v. Weissman (2004) 114 Cal.App.4th 1195, 1198-1199, 8 Cal. Rptr.3d 480, fn. omitted.)

2. Statute of limitations
In the case at bench, as in Gold v. Weissman, supra, the "complete defense" relied upon by defendant is that the action is time-barred. The only statute of limitations argued below, and apparently accepted by both parties in the trial court, was California's four-year statute of limitations. Manco argued that the instant lawsuit had been filed within four years of the Qatari appellate judgment and thus was not time barred. Bezdikian argued that the four years began to run in 1997, with the Qatari trial court decision.
Several other arguments, not raised in the trial court, are raised on appeal. Theories not raised in the trial court are usually deemed waived and cannot be asserted for the first time on appeal. (Hepner v. Franchise Tax Bd. *157 (1997)52 Cal.App.4th 1475, 1486, 61 Cal. Rptr.2d 341.)
Manco does not deny that the additional theories regarding the appropriate statute of limitations were not raised in the trial court. Rather, Manco seeks to invoke an exception to the general rule. The appellate court may permit a change in theory when a question of law, not dependent on facts, is presented. (Barton v. New United Motor Manufacturing, Inc. (1996) 43 Cal.App.4th 1200, 1207, 51 Cal. Rptr.2d 328 ["Although he did not suggest this theory to the trial court, it presents only a question of law and is therefore cognizable in this appeal"].) As our Supreme Court has held, "parties may advance new theories on appeal when the issue posed is purely a question of law based on undisputed facts, and involves important questions of public policy. [Citations].)" (Fisher v. City of Berkeley (1984) 37 Cal.3d 644, 654, 209 Cal.Rptr. 682, 693 P.2d 261; Lavie v. Procter & Gamble Co. (2003) 105 Cal.App.4th 496, 503,129 Cal.Rptr.2d 486 [same].)
Thus "we have discretion to consider a new theory on appeal when it is purely a matter of applying the law to undisputed fact." (Brown v. Boren (1999) 74 Cal. App.4th 1303, 1316, 88 Cal.Rptr.2d 758; accord Francies v. Kapla (2005) 127 Cal. App.4th 1381, 1386, 26 Cal.Rptr.3d 501; Shaw v. Regents of University of California (1997) 58 Cal.App.4th 44, 51, 67 Cal. Rptr.2d 850.) Courts have declined to exercise this discretion. (Rubin v. City of Burbank (2002) 101 Cal.App.4th 1194, 1207, fn. 11, 124 Cal.Rptr.2d 867; see also Camsi IV v. Hunter Technology Corp. (1991) 230 Cal.App.3d 1525, 1542, 282 Cal. Rptr. 80 ["a reviewing court need not consider points raised for the first time on petition for rehearing"].)
As we now explain, Manco's expert's opinions regarding lack of finality of the Qatar judgment in Qatar until the appeal was decided brings the case within the 4year statute of limitations for purposes of the MSJ. We therefore need not reach either the interesting legal questions raised for the first time on appeal or the continued validity of our Supreme Court's decision in Dore v. Thornburgh (1891) 90 Cal. 64, 66-67, 27 P. 30 [applying the four-year statute to domestication of a foreign judgment], following enactment of the Act.

3. Manco's action was not barred by California's 4-year statute of limitations.
Manco argues that no statute of limitations applies to foreign judgments; that, if any statute of limitations were applicable, it would be the 10-year limitation period applicable to sister state judgments; and, even if the 4-year statute were to apply, the Qatar judgment became final within the 4-year statute of limitations.
"The United States has no reciprocal treaty with any country requiring that it recognize judgments rendered abroad. Foreign country money judgments may be enforceable in California if they meet the requirements of the Uniform Foreign Money-Judgments Recognition Act (`UFMJRA,' [Code Civ. Proc.] § 1713 et seq.) and the creditor brings an action in California to obtain a domestic judgment. [See Roulier v. Cannondale (2002) 101 [Cal.App.4th.] 1180, 1187 [124 Cal.Rptr.2d 877] ... (citing text)]." (Schwartz & Ahart, Cal. Practice Guide, Enforcing Judgments and Debts (The Rutter Group 2006)[¶] 6.1850, p. 6J-21.)[2]
*158 Manco has brought the requisite action in California to obtain a domestic judgment. The sole question on appeal is whether that action was timely filed, or at least whether timeliness can be determined by Bezdikian's MSJ.
Code of Civil Procedure section 1713.2 states "This chapter [the UFMJRA] applies to any foreign judgment that is final and conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal" (Italics added.) Section 1713.3 adds "Except as provided in Section 1713.4 [exceptions not at issue on this appeal], a foreign judgment meeting the requirements of Section 1713.2 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit, except that it may not be enforced pursuant to the provisions of Chapter 1 (commencing with Section 1710.10) of this title" [relating to procedures for entry of judgment and enforcement of a sister state judgment.])
Section 1713.4 sets forth three grounds for nonrecognition of the foreign judgment and six grounds for which the judgment need not be recognized. Section 1713.5 describes instances in which the foreign judgment shall not be refused recognition for lack of personal jurisdiction, and adding that California courts "may recognize other bases of jurisdiction."
In a provision relied on by Bezdikian, section 1713.6 states "If the defendant satisfies the court either than an appeal is pending or that he is entitled and intends to appeal from the foreign judgment, the court may stay the proceedings until the appeal has been determined or until the expiration of a period of time sufficient to enable the defendant to prosecute the appeal." The California court thus has discretion whether to stay California proceedings for appeal of the foreign judgment. Section 1713.7 adds: "This chapter does not prevent the recognition or nonrecognition of a foreign judgment in situations not covered by this chapter."
Finally, section 1713.8, despite apparent differing interpretations of UFMJRA law by different states, provides "This chapter shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it."
We read the statute to consider a foreign judgment final, despite an appeal, if it is otherwise "final and conclusive and enforceable where rendered." (Italics added.) In some foreign jurisdictions, judgments are final and conclusive even if subject to an appeal. (See S.C. Chimexim S.A v. Velco Enterprises Ltd. (S.D.N.Y. 1999) 36 F.Supp.2d 206, 213 ["Three Romanian lawyers declare that the Bucharest Judgment is final and executory under Romanian law, notwithstanding [a pending] appeal."] See also Dart v. Dart (1997) 224 Mich.App. 146, 568 N.W.2d 353, 357 [finality of English law even if decision is subject to appeal or subsequent modification], upheld on the basis of comity in Dart v. Dart (1999) 460 Mich. 573, 597 N.W.2d 82.) In trying to domesticate judgments from such jurisdictions in California, the statute of limitations generally would run from the initial judgment. In other foreign jurisdictions, finality depends on the completion of an appeal or some other event. (See, e.g., Mayekawa Mfg. Co., Ltd. v. Sasaki (1995) 76 Wash. App. 791, 888 P.2d 183 [under Japanese Civil Code, filing an objection to judgment in Japan prevented judgment from becoming final and conclusive, so Japanese judgment was not "final and conclusive" under the Act and could not be enforced in *159 Washington State.])[3] That foreign jurisdiction's choice of finality after completion of the makes the choice final "where rendered."
Section 1713.6, permitting the California court to issue a stay of the California proceedings pending appeal of the foreign judgment or pending a decision to appeal, does not compel a contrary result. Section 1713.6 provides "If the defendant satisfies the court either than an appeal is pending or that he is entitled and intends to appeal from the foreign judgment, the court may stay the proceedings until the appeal has been determined or until the expiration of a period of time sufficient to enable the defendant to prosecute the appeal." Assuming, for example, that the initial judgment was final in Qatar and Bezdikian was appealing that initial judgment, staying the California proceedings might well be a more efficacious way to proceed rather than trying to untangle a "new" judgment following the appeal.
To the extent Korea Water Resources Corp. v. Lee (2004) 115 Cal.App.4th 389, 398-400, 8 Cal.Rptr.3d 853, is to the contrary, we disagree with its analysis of finality pending appeal. In addition, its explanation of "conclusiveness" is helpful to Manco.
The Korean Code of Civil Procedure states Korean judgments are not final and conclusive until the appellate process is terminated. The Korea Water court decided that under California's version of the Act, the pendency of appeal did not alone preclude recognition of the Korean judgment in California. However, the Korea Water court, id. at page 402, 8 Cal.Rptr.3d 853, went on to refuse recognition because the judgment was not sufficiently conclusive in Korea. That is, the Korean Supreme Court had reviewed the judgment, rejected part of the Korean trial court's legal rationale, and remanded for a new trial. Whether labeled not "final" or not "conclusive," the Qatar judgment in the case at bench was in a similar procedural posture.
The trial court recognized that Manco produced the declaration of an expert on Qatari law who opined that a Qatari judgment, absent limited circumstances not present here, "are never final" until an appeal has been adjudicated or the parties are bound by a prior agreement to treat the judgment as final; the judgment is expressly made unappealable by statute, or the time for appeal has expired without any notice of appeal being given. The trial court concluded the expert's opinion was not dispositive, citing Korea Water, supra, 115 Cal.App.4th 389, 400, 8 Cal.Rptr.3d 853, and section 1713.2.
As explained above, we disagree with the interpretation of the Act in Korea Water to the extent it does not honor the foreign jurisdiction's decision on finality pending appeal. Moreover, Manco's expert's explanation of Qatari law demonstrated that the initial judgment was not "conclusive," even if that precise term was not utilized. Thus, Manco's expert's opinion is sufficient to raise a triable issue and to deny the MSJ.
We need not reach the issues raised for the first time on appeal. If Manco's expert's opinion is not found to be accurate, *160 the other possibilities can best be explored first in the trial court.

DISPOSITION
The judgment is reversed and the case is remanded to the trial court. Manco shall recover costs on appeal.
We concur: BOLAND and FLIER, JJ.
NOTES
[1] Manco argued that the judgment was not final until the May 23, 2000, Qatari Court of Appeal adjusted judgment and that Bezdikian had not provided competent evidence to support his motion. Manco posits the dispute as follows: "Bezdikian contends in his papers that Manco's claim accrued with the trial court judgment was entered in 1997; Manco contends that the claim accrued only upon entry of the appellate judgment in May 2000. The issue is critical because it determines whether Manco's complaint was timely filed." (Underlining in original.)
[2] The UFMJRA is very brief, Code of Civil Procedure sections 1713 to 1713.8. We set forth its pertinent provisions in the text. Unless otherwise provided, further statutory references are to the Code of Civil Procedure.
[3] The "judgment" sought to be enforced in Mayekawa, supra, 888 P.2d 183, 185-186, involved a ruling against which an objection (not an appeal) was filed. Under Japanese law "A judgment shall not become final and conclusive prior to the expiration of the period fixed for lodging a lawful appeal ... or for moving an objection...." (Id. at p. 187.) Mayekawa involved an "objection" leading to de novo proceedings, not an appeal; but the analysis is analogous.