IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GEORGE CANTU, | No. 80229-1-I |
| Appellant, | DIVISION ONE |
| v. | ORDER WITHDRAWING |
| PROVIDENCE HOSPITAL and SANJEEV VADERAH, MD, | AND SUBSTITUTING OPINION |
| Respondents. | |

The court has determined that the opinion in the above-entitled case filed on

June 8, 2020 shall be withdrawn and a substitute unpublished opinion be filed.

Now, therefore, it is hereby

ORDERED that the opinion filed on June 8, 2020 is withdrawn and a

substitute unpublished opinion shall be filed.

FOR THE COURT:

_Mann, C.J._

_Andrus, A.C.J._

_Leach, J._

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

GEORGE CANTU,

Appellant,

v.

PROVIDENCE HOSPITAL and
SANJEEV VADERAH, MD,

Respondents.

No. 80229-1-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, C.J. — George Cantu appeals the summary judgment dismissal of his

medical malpractice action.  We affirm, holding that summary judgment was appropriate

because Cantu failed to produce the requisite expert testimony to support his claims.

I.

On March 3, 2015, after complaining of chest pain, Cantu underwent a cardiac

catheterization with Skagit Valley Hospital cardiologist Dr. Sanjeev Vaderah.

Following the procedure, Dr. Vaderah recommended that Cantu immediately transfer to

Providence Hospital for additional medical treatment.  Cantu transferred the next day.

On March 6, Cantu underwent a coronary artery bypass graft surgery with

cardiothoracic surgeon Dr. James Brevig at Providence.  Dr. Brevig's chart notes

indicated that Cantu suffered a "respiratory arrest in [the] preoperative holding area"

before the surgery, and was "initially unresponsive, but recover[ed]."  The incident was

"likely related to medication administration." Dr. Brevig performed the surgery without any further complications and Cantu was discharged from Providence days later.

In March 2018, Cantu filed a pro se medical malpractice complaint against Providence and Dr. Vaderah. The complaint alleged he received the wrong medication at Providence that caused him to experience "oxygen deprivation," resulting in "some dementia," "difficulties with thought processes," "poor memory," and "changes in personality and behavior."

Dr. Vaderah moved for summary judgment, arguing that the complaint should be dismissed because Cantu failed to identify any expert support for his claims and that the doctrine of res ipsa loquitur was inapplicable. Providence joined the motion. The trial court granted summary judgment and later denied Cantu's motion for reconsideration.

Cantu, still pro se, appeals.[1]

II.

Preliminarily, to the extent Cantu argues that the trial court should have applied a more lenient standard toward him as a pro se litigant, his argument fails. In Washington, courts "hold pro se parties to the same standards to which it holds attorneys." Edwards v. Le Duc, 157 Wn. App. 455, 460, 238 P.3d 1187 (2010); In re Marriage of Wherley, 34 Wn. App. 344, 349, 661 P.2d 155 (1983) ("[T]he law does not distinguish between one who elects to conduct his or her own legal affairs and one who seeks assistance of counsel—both are subject to the same procedural and substantive laws.").

---

[1] Cantu's opening brief states that he "is not appealing the dismissal of defendant Dr. Vaderah from the case." He has also filed a document in this appeal entitled "Appellant's Motion to Voluntarily Dismiss Doctor Vaderah from this Appeal and Declaration of Service." Because our holding resolves all issues in this appeal, we deny the motion as moot.

III.

Cantu "seeks to overturn the [trial court's] erroneous summary judgment dismissal." We conclude there was no error.

We review summary judgments de novo, engaging in the same inquiry as the trial court, and viewing the facts and the inferences in favor of the nonmoving party. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "Summary judgment in favor of the defendant is proper if the plaintiff fails to make a prima facie case concerning an essential element of his or her claim." Seybold v. Neu, 105 Wn. App. 666, 676, 19 P.3d 1068 (2001). If the defendant shows an absence of evidence to establish the plaintiff's case, "the burden shifts to the plaintiff to produce evidence sufficient to support a reasonable inference that the defendant was negligent." Seybold, 105 Wn. App. at 676.

A cause of action for medical malpractice requires the plaintiff to show that (1) the healthcare provider failed to exercise the requisite standard of care and (2) such failure was a proximate cause of the plaintiff's injuries. RCW 7.70.040. But only experts are allowed to testify regarding the standard of care and whether the healthcare provider met that standard. Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 228-29, 770 P.2d 182 (1989). Moreover, "the expert testimony must be based on facts in the case, not speculation or conjecture." Seybold, 105 Wn. App. at 677. The expert's "testimony must be sufficient to establish that the injury-producing situation 'probably' or 'more likely than not' caused the subsequent condition, rather than that the accident or injury 'might have,' 'could have,' or 'possibly did' cause the subsequent condition." Merriman v. Toothaker, 9 Wn. App. 810, 814, 515 P.2d 509 (1973) (citing Ugolini v.

States Marine Lines, 71 Wn.2d 404, 407, 429 P.2d 213 (1967)). Such testimony must also be based on a reasonable degree of medical certainty. McLaughlin v. Cooke, 112 Wn.2d 829, 836, 774 P.2d 1171 (1989). If the plaintiff fails to produce competent expert testimony, the defendant is entitled to summary judgment. Morinaga v. Vue, 85 Wn. App. 822, 832, 935 P.2d 637 (1997).

Here, even when viewing the facts in a light most favorable to him, the record shows that Cantu did not identify a competent expert who would testify in support of his claim that the treatment he received at Providence or from Dr. Vaderah fell below the applicable standard of care. Nor did Cantu disclose an expert to testify that such treatment caused his injuries. Summary judgment in favor of the defendants was proper on this basis.[2]

### IV.

Cantu advances several additional arguments in his brief. They lack merit.

### A.

Cantu contends that the trial court erred in denying his motion for a fourth continuance of the summary judgment hearing.

Trial courts may continue a summary judgment motion to give the nonmoving party additional time to conduct discovery. CR 56(f). A court may deny a motion for

---

[2] Citing Burnet v. Spokane Ambulance, 131 Wn.2d 484, 933 P.2d 1036 (1997), Cantu argues that the trial court should have given him more time to conduct discovery, not dismiss his case. In Burnet, our Supreme Court held that when imposing sanctions for discovery violations under CR 37(b)(2), the trial court must indicate on the record whether the sufficiency of a lesser sanction was explicitly considered, whether the conduct that led to the sanction was willful, and whether the violation substantially prejudiced the opponent's ability to prepare for trial. Burnet, 131 Wn.2d at 493-94. Because the trial court did not impose any discovery sanctions below, Burnet is inapplicable to this case.

Additionally, Cantu does not assign error to or present any argument regarding application of the res ipsa loquitur doctrine. Thus, we do not address the issue. Holder v. City of Vancouver, 136 Wn. App. 104, 107, 147 P.3d 641 (2006) (a party abandons an issue on appeal by failing to brief the issue).

continuance when: "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact." Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989). We review denial of a summary judgment continuance for an abuse of discretion.[3] Mannington Carpets, Inc. v. Hazelrigg, 94 Wn. App. 899, 902, 973 P.2d 1103 (1999).

Cantu requested his fourth continuance on the ground that discovery was ongoing and that a trial date had not yet been set.[4] But Cantu knew in March 2019, about three months before the summary judgment hearing, that no more continuances would be granted. The court advised Cantu that there "will be no more continuances based on not having a lawyer; no more continuances based on not being ready to proceed with expert testimony; and no more continuances based on incomplete discovery." Cantu had approximately 15 months from the date of the filing of his complaint to conduct discovery, retain counsel, and obtain any experts needed before his complaint was dismissed.

Under the circumstances, the trial court did not abuse its discretion in denying Cantu another continuance.[5]

---

[3] A court abuses its discretion when it bases its decision on manifestly unreasonable or untenable grounds. Trummel v. Mitchell, 156 Wn.2d 653, 671, 131 P.3d 305 (2006).

[4] Initially, the summary judgment hearing was set for December 28, 2018. The hearing was first continued to February 7, 2019 based on Cantu's claims of unavailability. Then, based on Cantu's requests for more time to conduct discovery, the hearing was continued to March 8, 2019 and finally continued to June 6, 2019.

[5] Cantu also asserts that the trial court erred by denying his motion to compel discovery from Providence he deemed necessary to defeat summary judgment. As nothing in this record shows the trial court ruling on such a motion, there is no ruling for us to review on appeal. Mayekawa Manufacturing Co., Ltd., v. Sasaki, 76 Wn. App. 791, 796 n.6, 888 P.2d 183 (1995) (ruling must be final and definitive to preserve the right to review).

B.

Cantu next argues that the trial court erred in denying reconsideration under CR 59 and CR 60. Since he failed to establish any grounds to justify reconsideration, the trial court did not err.

We review a trial court's decision on a motion for reconsideration for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). There was a tenable basis for the trial court to rule as it did. Cantu's motion for reconsideration, in various forms, asserted that he had only recently learned of the identity and employer of Dr. Nikolay Usoltsev, the anesthesiologist he later claims gave him the wrong medication.[6] His motion did not disclose any new experts for the trial court's consideration. Thus, the court did not err in denying reconsideration.

C.

Cantu also argues that the trial court erred by denying his motion to amend his complaint to add Dr. Usoltsev as a defendant. Leave to amend pleadings is freely given by a trial court when justice so requires. CR 15(a). However, "[w]hen a motion to amend is made after the adverse granting of summary judgment, the normal course of proceedings is disrupted and the trial court should consider whether the motion could have been timely made earlier in the litigation." Doyle v. Planned Parenthood of Seattle-King County, Inc., 31 Wn. App. 126, 130-31, 639 P.2d 240 (1982). We review

---

[6] The record does not support Cantu's claim of "recently learning" of Dr. Usoltsev's identity. Medical records attached as an exhibit to Cantu's March 4, 2009, opposition to summary judgment identified Dr. Usoltsev as one of three doctors that met with Cantu's family in the Pre Op holding area after the respiratory event, and that Dr. Usoltsev would be following up with the family the next day when he performed his postoperative anesthesia evaluation. At a minimum, Cantu was aware of Dr. Usoltsev's identity for three months before the June 2019 summary judgment hearing.

the denial of a motion to amend for abuse of discretion. <u>Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc.</u>, 166 Wn.2d 475, 483, 209 P.3d 863 (2009).

Here, Cantu moved to amend his complaint more than 15 months after his original complaint, about seven motions after filing medical records containing Dr. Usoltsev's name, and over a week after summary judgment. On this record, the trial court had tenable grounds to deny Cantu's motion to amend. It did not err.

D.

Finally, Cantu contends that the "denial of discovery, amendment to add doctor Usoltsev coupled with dismissal of the case violate[d his] due process rights guaranteed" by the state and federal constitutions. But his brief neither states how the trial court's orders violated his rights to due process nor cites to relevant parts of the record or to any legal authority that supports his contention. Accordingly, this argument is insufficient for appellate review. RAP 10.3(a)(6); <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

V.

We deny Cantu's request for attorney fees and costs on appeal. Beyond not being the prevailing party, such fees are not available on appeal to a nonlawyer, pro se litigant. <u>In re Marriage of Brown</u>, 159 Wn. App. 931, 938, 247 P.3d 466 (2011).

VI.

For the reasons discussed above, we affirm the trial court's summary judgment dismissal and denial of reconsideration.

No. 80229-1-I/8

_Mann, C.J._

WE CONCUR:

_Andrus, A.C.J._                    _Leach, J._

- 8 -