OPINION OF THE COURT
Marcy S. Friedman, J.
In this action brought by plaintiff Byblos Bank Europe, S.A., a Belgian bank, against defendant Sekerbank Turk Anonym Syrketi, a Turkish bank, plaintiff sought an order of attachment against defendant based on a money judgment entered by the Cour d’Appel de Bruxelles (Brussels Court of Appeal) on October 10, 2003 in favor of plaintiff and against defendant (the Belgian judgment). An order of attachment without notice was entered by this court (Suarez, J.) on March 16, 2006. Defendant now moves to vacate the order of attachment. By separate motion, plaintiff seeks to confirm the order. Plaintiff has also served a motion for summary judgment in lieu of complaint, pursuant to CPLR 3213, which seeks recognition and enforcement of the Belgian judgment. This motion has not yet been submitted.
Defendant moves to vacate the order of attachment for lack of subject matter jurisdiction. In particular, defendant claims that an action between foreign corporations may be maintained only on the grounds enumerated in Business Corporation Law § 1314 (b) and that this action is barred because none of these grounds exists.[1] In opposition, plaintiff contends that an application to a court for recognition of a foreign country judg *794 ment is not an “action” within the meaning of Business Corporation Law § 1314 (b), and that once the judgment is converted to a New York judgment under the Uniform Foreign Country Money-Judgments Recognition Act (CPLR art 53), the judgment will be enforceable under Business Corporation Law § 1314 (b) on the ground that “the subject matter of the litigation is situated within this state” (§ 1314 [b] [2]) or that “the cause of action arose within this state” (§ 1314 [b] [3]).
The parties have not cited, and this court’s research has not located, any case law that addresses the issue of whether Business Corporation Law § 1314 (b) bars maintenance of an action between foreign parties based on a foreign country judgment. Based on review of the terms and purpose of the statute and the underlying action[2] (that is, plaintiffs CPLR 3213 motion for summary judgment in lieu of complaint), the court concludes that the Business Corporation Law is not a bar.
The ultimate relief sought in the CPLR 3213 motion is enforcement of the Belgian judgment. The 3213 motion must also, and does, seek recognition of that judgment, as recognition is a condition of enforcement of the judgment. (See CPLR 5303.) Recognition is the process by which a foreign country judgment is “converted” into a New York judgment. (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 222 [2003], cert denied 540 US 948 [2003].) “Once converted into a New York judgment, whether by way of a plenary action or through the CPLR 3213 device, the foreign judgment becomes enforcible like a New York judgment.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5303:l, at 545; Borges, Enforcing Judgments & Collecting Debts in New York § 9:96, at 9-29 [2003].)
Business Corporation Law § 1314 (b) (2) permits an action by a foreign corporation to be maintained against another foreign corporation “[w]here the subject matter of the litigation is situated within this state.” Contrary to defendant’s apparent contention, the litigation at issue — plaintiffs CPLR 3213 motion — has as its subject matter the judgment, not Byblos’ underlying claim that Sekerbank failed to repay loans made to it by Byblos. Moreover, as the locality of a judgment is the situs *795 of the court where it is entered (see Beers v Shannon, 73 NY 292 [1878]), upon recognition and conversion of the Belgian judgment to a New York judgment, the subject matter of the litigation will be located in New York State.
The court is not persuaded by plaintiffs contention that its request for recognition of the foreign judgment is not an action. Plaintiffs claims for recognition and enforcement are both raised in the CPLR 3213 motion. However, maintenance of the action should not be barred under Business Corporation Law § 1314 (b), given that these claims are necessarily intertwined and that New York adheres to a liberal policy in favor of enforcement of foreign country judgments. (Cf. CIBC Mellon Trust Co., 100 NY2d at 221.)
The court accordingly turns to plaintiffs motion to confirm the attachment. On a motion to confirm, the plaintiff must show “that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 [of the CPLR] exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.” (CPLR 6212 [a]; Considar, Inc. v Redi Corp. Establishment, 238 AD2d 111 [1st Dept 1997].)
The ground for attachment on which plaintiff relies is specified in CPLR 6201 (5), which provides for an order of attachment where the “cause of action is based ... on a judgment which qualifies for recognition under the provisions of article 53.” Defendant argues that the Belgian judgment does not qualify for recognition under article 53 and that there is accordingly no basis for an attachment. (Defendant’s mem of law in opposition to motion to confirm at 6.) In effect, defendant’s contention is that plaintiff cannot show that it is probable that it will succeed on the merits of its claim for enforcement of the judgment, because the judgment should not be recognized. Analysis of the recognition requirements of article 53 is therefore required.
Article 53 provides for recognition of foreign country judgments which are final and conclusive. (CPLR 5302.) Under the statute, a foreign country judgment is not conclusive and therefore not subject to recognition under two circumstances:
“1. the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law; [and]
*796 “2. the foreign court did not have personal jurisdiction over the defendant.” (CPLR 5304 [a].)
In addition, the statute permits discretionary nonrecognition and thus provides that “[a] foreign country judgment need not be recognized” on enumerated grounds. (CPLR 5304 [b].)
Plaintiff makes an uncontroverted showing that the Belgian judgment is final and that the grounds for mandatory nonrecognition under CPLR 5304 (a) are not applicable. Defendant argues, however, that the court should exercise its discretion not to recognize the judgment under CPLR 5304 (b) (5), on the ground that “the judgment conflicts with another final and conclusive judgment.”
It is undisputed that the Belgian judgment conflicts with a prior Turkish judgment that dismissed Byblos’ claims against Sekerbank for nonpayment of the subject loans, and with a prior German judgment that gave res judicata effect to the Turkish judgment. More particularly, by decision dated November 30, 1992, the Commercial Court of First Instance, No. 3 of Ankara, Turkey, dismissed Byblos’ claims on the merits. This decision was upheld on the merits by decision dated December 30, 1992, of the 19th Civil Chamber of Yargitay (Supreme Civil Court), Turkey. By decision dated June 6, 1997, the Higher Regional Court of Frankfurt am Main, Germany, upheld the decision of a lower court giving the Turkish judgment res judicata effect. By decision dated September 29, 1998, the Federal Supreme Court, Germany, did not “accept” an appeal of the Higher Regional Court decision.
The Belgian judgment which plaintiff seeks to enforce in the instant action was rendered pursuant to a decision, dated October 1, 2003, of the Brussels Court of Appeal, an intermediate court. This decision reversed the decision of a lower court, dated August 23, 1996, which gave res judicata effect to the Turkish decisions. The Brussels Court of Appeal reasoned that the case was governed by article 570 of the Judicial Code, and that this provision required the Belgian court to examine the merits of the case, as there was no treaty between Belgium and Turkey exempting Turkey’s judgments from such scrutiny. (Translation of Court of Appeal decision at 6-7.) The Brussels Court of Appeal further reasoned that the Turkish court had made an “error in judgment” as to an essential factual issue, and that its decision was therefore not entitled to res judicata effect. (Id. at 11-12.) Based on its own examination of the merits of the case, the court then awarded judgment to Byblos for the *797 unpaid loans. Sekerbank appealed this decision to the Court of Cassation, Belgium’s high court, on the ground that the contracts between the parties were null and void under the Breton Woods Agreements. By decision dated September 16, 2005, this appeal was “rejected.”[3]
In arguing that this court should not recognize the Belgian judgment because it conflicts with the prior Turkish judgment, defendant claims that the “last-in-time rule,” under which a later conflicting judgment must be recognized, does not apply to foreign country judgments. Plaintiff contends that it is settled law in New York that the court must apply the last-in-time rule even if the New York court believes that the court that rendered the latest judgment should have given res judicata effect to the earlier judgment.
It is well settled that the last-in-time rule should be applied to conflicting sister-state judgments. (See, e.g., Chenu v Board of Trustees of Police Pension Fund of City of N.Y., 12 AD2d 422 [1st Dept 1961]; see also Treinies v Sunshine Mining Co., 308 US 66 [1939].) It has been explained that because sister-state judgments are entitled to full faith and credit,
“the first judgment in time must be recognized in a second action involving the same parties and cause. But if the second court refuses the first judgment its deserved recognition, a third court must nonetheless honor the second court’s judgment. The reason is that the second court’s error in refusing recognition to court one should have been corrected by appeal in the second forum, not by collateral attack in yet a third forum.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5304:l.)
The rule is thus “an application of elementary res judicata principles.” (Ambatielos v Foundation Co., 203 Misc 470, 476 [Sup Ct, NY County 1952].)
Application of the last-in-time rule to foreign country judgments has been criticized on the grounds that foreign courts, unlike state courts, are not obligated to accord full faith and credit to prior judgments, and that appeal does not lie to a court, like the United States Supreme Court, to correct an error by the second nation in refusing to give preclusive effect to the *798 first nation’s judgment. (Ackerman v Ackerman, 676 F2d 898, 902 n 5 [2d Cir 1982], citing Professor, now United States Supreme Court Justice, Ginsburg, Judgments in Search of Full Faith and Credit: The Last-in-Time Rule for Conflicting Judgments, 82 Harv L Rev 798 [1969].) It appears to be the view of commentators, notwithstanding this criticism as well as the absence of clear supporting authority, that the last-in-time rule will generally be applied to conflicting foreign state judgments. Thus, the Restatement of Foreign Relations Law, whose recognition provisions are virtually identical to article 53, comments that “[c]ourts are likely to recognize the later of two inconsistent foreign judgments,” although they “may recognize the earlier judgment or neither of them” under the Restatement section which, like CPLR 5304 (b) (5), authorizes discretionary nonrecognition where a foreign country judgment “conflicts with another final judgment that is entitled to recognition.” (Restatement [Third] of Foreign Relations Law § 482, Comment g-)[4]
Significantly, the applicability of the last-in-time rule is not established under the circumstances presented here in which the later foreign country judgment is rendered by a court that is expressly required to undertake an independent examination of the merits, and is not required to recognize an earlier foreign judgment where it disagrees with the earlier foreign court’s determination on the merits. Plaintiff does not cite, and the court has not located, any appellate or other authority that addresses this specific issue. However, plaintiffs principal authority supports the conclusion that the last-in-time rule should not be applied unless the second foreign forum applies the res judicata doctrine: The precedent that plaintiff describes as the “seminal” *799 authority on application of the last-in-time rule to conflicting foreign judgments characterized the last-in-time rule as an application of res judicata and reasoned: “Where, as here, the party against whom enforcement is sought had full opportunity in the second action to argue the binding force of the earlier judgment, there is every reason for applying the rule to inconsistent judgments rendered by the tribunals of foreign nations.” (Ambatielos v Foundation Co., 203 Misc 470, 476 [1952], supra.)
In the only other New York case on which plaintiff relies, while the last-in-time rule was applied to a conflict between a foreign judgment and an earlier state court judgment, it does not appear that the foreign court could have given res judicata effect to the state court judgment, as the plaintiff in the foreign action was not a party to the state court action. (See Perkins v De Witt, 279 App Div 903 [1st Dept 1952].) The federal cases on which plaintiff relies do not determine the issue of whether the last-in-time rule should be applied to conflicting foreign judgments, much less whether the rule should be applied where the second foreign forum does not afford a full opportunity to argue the res judicata effect of the first foreign forum’s judgment. (See Ackerman v Ackerman, 676 F2d 898 [1982], supra; Koehler v Bank of Bermuda, Ltd., 2004 WL 444101, 2004 US Dist LEXIS 3772 [SD NY 2004] [dicta].)
In the instant case, defendant did not have the opportunity to argue the binding force of the findings of fact of the earlier judgment because the Brussels Court of Appeal was required by the governing law to reexamine the merits of the case. Defendant thus had no real opportunity before that court to argue the applicability of the doctrine of res judicata as that doctrine is ordinarily understood under New York law. The rationale for application of the last-in-time rule does not exist in this case. The court therefore concludes, in the absence of any appellate authority to the contrary, that it is not bound to recognize the Belgian judgment based on the last-in-time rule.
The remaining issue is whether the court should exercise its discretion to deny recognition to the Belgian judgment on the ground that it conflicts with the earlier Turkish judgment. On this record, plaintiff fails to show that there is a good reason for preferring the Belgian judgment over the Turkish judgment. (Cf. Ackerman, 517 F Supp at 626.) For example, plaintiff does not argue that the Turkish judgment would not be qualified for recognition under CPLR article 53. Nor does plaintiff argue that defendant could have sought relief from the judgment of *800 the Brussels Court of Appeal based on a subsequent change in Belgian law governing recognition of foreign judgments, which not only eliminated but affirmatively prohibited Belgian courts from reviewing foreign judgments on the merits. On the contrary, plaintiff argues that this law, the Belgian Code for International Private Law, became applicable on October 1, 2004, is not retroactive, and is not available to “infringe the effects of’ (alter) the previously entered judgment of the Brussels Court of Appeal. (Reply affirmation of Pierre Van Ommeslaghe in support of plaintiffs motion to confirm.)
The court holds that plaintiff fails to show that it is probable that its CPLR 3213 motion for recognition of the Belgian judgment will be granted. While defendant’s motion to vacate the attachment will therefore be granted, in view of the novel issues presented, enforcement of this order will be stayed to enable plaintiff, if so advised, to pursue appellate remedies.
It is accordingly hereby ordered that defendant’s motion to vacate the order of attachment entered on March 16, 2006 is granted; and it is further ordered that plaintiff’s motion to confirm the order of attachment is denied; and it is further ordered that enforcement of this order is stayed through and including April 26, 2006.

. At the oral argument of the motions, defendant argued that the case is governed not by Business Corporation Law § 1314 (b) but by Banking Law § 200-b which limits the actions by foreign banks against other foreign banks. However, the parties agree that the two statutes are virtually identical and that the same analysis and case law govern their applicability.

. A CPLR 3213 motion is an action brought on by notice of motion, and has been referred to as a “motion-action” although it also has characteristics of a special proceeding. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:l.) For purposes of the instant motions, the distinction between an action and special proceeding is immaterial.

. It is not clear whether the appeal was rejected on the merits of the Breton Woods claim or otherwise, as the translation of the decision is largely incomprehensible.

. Siegel, New York Practice § 472, states with even less qualification:
“The same ‘last-in-time’ rule that governs the recognition of inconsistent sister-state judgments under the full faith and credit clause has also been applied by New York under its comity doctrine. Hence, if two foreign judgments are inconsistent, the later of the two will be the one that New York recognizes.”
The sole citation for this statement is Ackerman v Ackerman (517 F Supp 614 [SD NY 1981], affd 676 F2d 898 [2d Cir 1982]). In fact, while the District Court, in apparent dicta, recognized a foreign country judgment that conflicted with an earlier California judgment, based on its conclusion that New York law follows the last-in-time rule, the Court of Appeals did not affirm on this ground and instead held that the California judgment did not have preclusive effect and that it therefore need not reach “the knotty question whether the last-in-time rule should apply when a foreign court is the second forum.” (676 F2d at 902 n 5.) As discussed above, the Court of Appeals also noted the criticism of the last-in-time rule insofar as applied to foreign judgments.