■ BYBLOS BANK EUROPE, S.A., Appellant-Respondent, v SEKERBANK TURK ANONYM SYRKETI, Respondent-Appellant. [837 NYS2d 54]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 24, 2006, which, in an action commenced pursuant to CPLR 3213 seeking recognition and enforcement of a Belgian money judgment pursuant to CPLR article 53, granted defendant's cross motion pursuant to CPLR 6223 to vacate an ex parte order of attachment (Lucindo Suarez, J.), entered March 16, 2006, and denied plaintiff's motion pursuant to CPLR 6211 (b) to confirm the order of attachment, unanimously modified, on the law, to dismiss the complaint and deny, as academic, that part of defendant's cross motion seeking dismissal of the action pursuant to Business Corporation Law § 1314 (b) and Banking Law § 200-b and otherwise affirmed, with costs in favor of defendant. The Clerk is directed to enter judgment accordingly.

Plaintiff, a Belgian bank, claims that defendant, a Turkish bank, defaulted on certain loans, and it seeks to have a Belgian judgment reflecting the alleged debt recognized and enforced in New York. Defendant opposes recognition on the ground that a Turkish judgment rendered prior to the Belgian judgment rejected plaintiff's claim on the merits. It appears that the Belgian court did not give the Turkish judgment (and a prior German judgment that accorded the Turkish judgment reciprocity) preclusive effect because the then applicable Belgian law, Belgian Judicial Code article 570, required a de novo review of plaintiff's underlying claim without any deference to the Turkish judgment. It further appears that the now applicable Belgian law, Belgian Code of International Private Law, article 25, paragraph 2, effective October 1, 2004, is directly to the contrary, specifically providing that "[i]n no case may the foreign judicial decision be reviewed on the merits"; that had plaintiff's claim been heard in Belgium after October 1, 2004, the Turkish judgment would have been given preclusive effect; and that, because the new statute is not to be applied retroactively, no relief is presently available to defendant in Belgium based on this change in Belgian law.

The motion court rejected plaintiff's argument that the Belgian judgment must be preferred over the Turkish judgment because it is later in time, and held that recognition of the Belgian judgment is a matter of discretion under CPLR 5304 (b) (5). The motion court found that plaintiff failed to show that it is probable that its CPLR 3213 motion for recognition of the Belgian judgment will be granted (see CPLR 6212 [a] [attachment may issue only upon a showing that, inter alia, "it is probable that the plaintiff will succeed on the merits"]) since plaintiff did not show "a good reason for preferring the Belgian

judgment over the Turkish judgment," and went on to suggest that the change in Belgian law is a good reason for not recognizing the Belgian judgment. Accordingly, the motion court vacated the order of attachment (subject to a stay pending appeal).

Because the last-in-time rule is based on the constitutional doctrine of full faith and credit (*see Treinies v Sunshine Mining Co.*, 308 US 66, 78 [1939]; *Chenu v Board of Trustees of Police Pension Fund of City of N.Y.*, 12 AD2d 422 [1961], *affd* 11 NY2d 688 [1962], *cert denied* 370 US 910 [1962]), it should not be automatically applied to foreign judgments, to which the doctrine of comity, as codified in CPLR article 53, applies (*see generally Fairchild, Arabatzis & Smith, Inc. v Prometco [Produce & Metals] Co., Ltd.*, 470 F Supp 610, 615 [1979]). Indeed, as the motion court stated, the last-in-time rule lacks any justification where, as here, the foreign country court that rendered the last judgment does not give the party against whom enforcement is sought any kind of opportunity to argue the binding effect of the earlier judgment (*cf.* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5304:1, at 550 ["the reason (for the last-in-time rule) is that the second court's error in refusing recognition to court one should have been corrected by appeal in the second forum, not by collateral attack in yet a third forum"]; *Ambatielos v Foundation Co.*, 203 Misc 470, 476 [1952] [last-in-time rule, "an application of elementary *res judicata* principles," applies to conflicting foreign country judgments "(w)here, as here, the party against whom enforcement is sought had full opportunity in the second action to argue the binding force of the earlier judgment"]). The Belgian court's ruling was not the result of an erroneous failure to apply Belgian law but the correct application of the then statutory mandate that it could not accord a foreign judgment res judicata effect or enforce it without first undertaking an independent review of the merits.

Assuming that "the defendant opposing enforcement [of a foreign country judgment] has the burden of proving that a discretionary basis for non-recognition pursuant to CPLR § 5304 (b) applies" (*Bridgeway Corp. v Citibank*, 45 F Supp 2d 276, 286 [SD NY 1999], *affd on other grounds* 201 F3d 134 [2d Cir 2000]), defendant met that burden by showing that the Belgian judgment was issued in contravention of the principles of comity pursuant to a statute that has since been repealed and superseded by a statute directly to the contrary.

Finally, inasmuch as we are affirming the vacatur of the attachment, which is the sole jurisdictional basis for plaintiff's action, the action must be dismissed. In light of the foregoing, we

need not reach defendant's cross motion to dismiss the action pursuant to Business Corporation Law § 1314 (b) and Banking Law § 200-b, and such cross motion is denied as academic. Concur—Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.