Filed 10/6/14  Deuschel v. Michelman & Robinson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MICHAEL DEUSCHEL,<br><br>        Plaintiff and Appellant<br>,<br><br>        v.<br><br>MICHELMAN & ROBINSON, LLP, et al.,<br><br>        Defendants and Respondents. | B245083<br><br>(Los Angeles County<br> Super. Ct. No. BC471655) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Richard Rico, Judge.  Reversed.

Michael Deuschel, in pro per. for Appellant.

Michelman & Robinson, Marc R. Jacobs and Robin James for Respondents.

_____

Michael Deuschel appeals from the trial court's judgment sustaining the demurrer by his former attorneys (Michelman & Robinson, LLP; Marc Jacobs; Kira Sue Masteller; and, Ryan Boyd) to his complaint against them for legal malpractice. The court sustained the demurrer because it concluded Deuschel's complaint was untimely. Because the court misapplied the continuing representation doctrine, we reverse.

## FACTS AND PROCEEDINGS

Because this appeal is from a demurrer, we rely on the allegations of appellant's complaint without judging their veracity. In 2007, appellant Michael Deuschel lent $50,000 to Edward and Donna Vodicka and their company; we refer collectively to the Vodickas and their company, who are not parties to this appeal, as the Vodickas. When the Vodickas defaulted on the loan and damaged personal property that appellant had stored with them, appellant hired respondent law firm Michelman & Robinson, LLP, to sue the Vodickas for damages. In November 2008, Michelman & Robinson, LLP, filed a complaint against the Vodickas. The complaint alleged the Vodickas had obtained the loan from appellant through fraud. The Vodickas did not answer appellant's complaint, and the court entered their default.

In August 2010, respondent Michelman & Robinson filed pleadings with the court to prove-up appellant's damages. The pleadings were defective, however, in several ways, the particulars of which are not important here other than they did not seek recovery of the entire amount of almost $400,000 in damages to which appellant believed he was entitled from the Vodickas' fraud. Relying on respondents' deficient pleadings, the court entered judgment for appellant on August 23, 2010, of only $78,818, consisting of $50,000 for the unpaid loan, $13,300 for conversion of his property, and the rest in costs and statutory attorney's fees.

One day later on August 24, 2010, respondent attorney Marc Jacobs of Michelman & Robinson sent an email to appellant informing him of the judgment entered the previous day. Jacobs wrote to appellant: "We are pleased to report that the Court entered a Judgment in your favor on 8/23/10. A copy of this Judgment is attached. We were

provided with a copy of this Judgment at the hearing this morning when we arrived at Court. The Court entered a Judgment in the amount of $78,818.11 . . ." The following day, appellant responded with an email expressing his displeasure with the damage award. He wrote to Jacobs: "Thanks for this email but I am stunned. I asked to attend the hearing as I wanted to speak with the judge but you never notified me of its date and time. Also, why is the judgment so low? Why no punitive damages? Why only $2,000 in attorney fees when I spent more than $16,000? Were the defendants found guilty of fraud to protect the judgment against bankruptcy, as discussed? Please call me so we may discuss." Jacobs replied with another email, stating the judgment was "an outstanding outcome relative to your actual damages under any circumstances."

Two weeks later on September 7, 2010, appellant at his request met with attorney Jacobs and respondent attorney Kira Sue Masteller to express his disappointment with the damage award. During the meeting, Jacobs and Masteller assured appellant they had represented him competently. Appellant alleges, however, that they misled him by not telling him that their deficient prove-up pleadings were the reason his damage award was smaller than he expected. During the meeting, Jacobs promised to inform appellant when respondents completed filing and serving notice of entry of judgment on the Vodickas so that he could begin collection proceedings on the judgment.

On September 23, 2010, respondents served and filed notice of entry of judgment, but did not inform appellant that they had done so. Instead, one month later on October 22, 2010, appellant sent an email to Jacobs asking about the status of the notice of entry. Appellant's email asked, "Hi Marc, I was just wondering, did you send the Vodickas a notice of service of judgment (if that's the correct name)? Thanks, Michael." Jacobs replied that notice had been served. He wrote to appellant, "Yes, everything was served at all possible addresses, including those additional that you forwarded."

Four days short of one year later, appellant filed on October 18, 2011, his legal malpractice complaint against respondents. The gist of his operative second-amended complaint was that respondents' defective prove-up to the court resulted in his not recovering from the Vodickas all the damages to which he was entitled.

3

Respondents demurred to appellant's second amended complaint. Their demurrer asserted that appellant knew, or should have known, by the time he received respondents' email on August 25, 2010, informing him of entry of the $78,818 judgment that he had been injured by the judgment's purported inadequacy. Hence, the one-year statute of limitation for legal malpractice began to run no later than August 25, 2010. Their demurrer conceded for the purposes of their motion that the statute of limitation was tolled, however, while they continued to represent appellant for about one month afterward until September 23, 2010, when they filed notice of entry of judgment.[1] Thus, by the very latest according to respondents, appellant had until one year later on September 23, 2011, to file his legal malpractice complaint. Because appellant filed his complaint on October 18, 2011, it was untimely.

Appellant opposed the demurrer. He asserted that respondents' representation of him continued at least until his email inquiry on October 22, 2010, on the status of service and entry of notice of judgment. Consequently, his complaint less than one year later on October 18, 2011, was timely.

The trial court sustained the demurrer. The court found appellant's cause of action for legal malpractice accrued when he learned from respondents' August 24, 2010, email that the damage award was not as large as he believed to which he was entitled. Because appellant did not retain respondents to represent him in post-judgment collection proceedings, the trial court rejected appellant's argument that respondents' representation of him continued past the filing and service of notice of entry of judgment on September 23, 2010. The court held that appellant's October 22, 2010, email to Jacobs inquiring about the status of service and filing did not manifest continued representation because email "about events that had already occurred did not extend [Respondents']

---

[1] Respondents' demurrer can be read to assert that respondents also told appellant on September 23 that they had served notice on the Vodickas. Appellant alleges, however, that he did not learn that respondents had served the Vodickas until October 22 when he sent his email. Because this is an appeal from a demurrer, we must accept appellant's allegation of the October date as when respondents told him they had fulfilled their promise of serving notice.

representation of [appellant] up to that time." The court entered judgment for respondents. This appeal followed.

## STANDARD OF REVIEW

"A demurrer must assume the truth of a complaint's properly pleaded allegations." (*Century-National Ins. Co. v. Garcia* (2011) 51 Cal.4th 564, 566, fn. 1.) " 'We treat [a] demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment . . . . [Citation.]' " (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## DISCUSSION

Code of Civil Procedure section 340.6 establishes a one-year statute of limitation for legal malpractice. It states: "An action against an attorney for a wrongful act or omission . . . arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission . . . ." (Code Civ. Proc., § 340.6, subd. (a).) The trial court found appellant's malpractice cause of action accrued when respondents told him in August 2010 about the trial court's entry of what he perceived to be an inadequate judgment.[2] Thus, the trial court found appellant's

---

[2]     Appellant contends his cause of action accrued either (1) when the six months by which to set aside a judgment under Code of Civil Procedure section 473 expired; or (2) when he actually discovered by reviewing the court file in April 2011 that respondents had committed malpractice. We note as a general matter that a malpractice cause of action accrues when the client is aware he has been injured in someway,

5

complaint was untimely when appellant filed it more than one year later on October 18, 2011.

Appellant contends the statute of limitations was tolled while respondents continued to represent him. In support, he cites subdivision (a)(2) of section 340.6, which codifies the "continuing representation" doctrine under which the statute of limitations is tolled while the "attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred." (§ 340.6, subd. (a)(2).) Thus, according to appellant, the court erred in sustaining respondents' demurrer.

Appellant is correct. Tolling under the "continuing representation" doctrine stops when the representation ends. (*Laclette v. Galindo* (2010) 184 Cal.App.4th 919, 927.) The attorneys' representation of the client continues until the agreed tasks have been completed or events inherent in the representation have occurred. (*Lockton v. O'Rourke* (2010) 184 Cal.App.4th 1051, 1063; *Gold v. Weissman* (2004) 114 Cal.App.4th 1195, 1200; *Crouse v. Brobeck, Phleger & Harrison* (1998) 67 Cal.App.4th 1509, 1528.) According to appellant, respondents promised during their September 7, 2010, meeting to tell him when they served and filed notice of entry of judgment. With that promise, respondents extended their representation of appellant until they had filed and served the notice, and, in keeping with their promise, informed appellant they had done so. (*Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 571 ["continuous representation requires 'an ongoing relationship and activities in furtherance of the relationship.' "].) Informing appellant that service had been completed was particularly important here because respondents had told appellant that the time for him to begin collection

---

regardless of whether he understands malpractice caused the injury. (*Laird v. Blacker, supra,* 2 Cal.4th at p. 609; *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110; *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 684-685.) We need not address appellant's contentions because we hold his complaint was timely even under the trial court's finding that the cause of action accrued on August 24, 2010, when appellant received respondent's email discussing the previous day's entry of judgment.

proceedings against the Vodickas was when service occurred. Respondents had thus primed appellant to await word from them, and when he did not hear from them he followed up with his October 22, 2010, email asking whether notice of entry of judgment had been served. At that time, respondents informed him notice had been served, and by implication, their representation of him had ended. Accordingly, his malpractice complaint filed less than one year later on October 18, 2011, was timely.

## DISPOSITION

The judgment is reversed and the trial court is directed to enter an order overruling respondents' demurrer. Appellant to recover his costs on appeal.


RUBIN, J.

WE CONCUR:


BIGELOW, P. J.


FLIER, J.


7